IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA DE LOURDES SANTANA SANTANA,

     Plaintiff,

  v.

ERIC HOLDER, in his official
capacity as Attorney General of
the United States

     Defendant.

_____/

No. C 12-0955 CW

ORDER GRANTING
DEFENDANT'S MOTION
TO DISMISS

Defendant Eric Holder has filed a motion to dismiss Plaintiff
Maria de Lourdes Santana Santana's complaint.  Plaintiff opposes
the motion.  The motion was decided on the papers.  Having
considered all of the papers and the entire record in this case,
the Court GRANTS Defendant's motion to dismiss.  Docket No. 12.

BACKGROUND

Plaintiff is a native and citizen of Mexico who initially
entered the United States without inspection in 1992.  Compl.
¶ 16.

On September 1, 2008, the Department of Homeland Security (DHS) initiated removal proceedings against Plaintiff in Seattle, Washington by serving her with a Notice to Appear (NTA). Id. at ¶ 17.  In the NTA, DHS alleged that Plaintiff was not a native or national of the United States, she was instead a native and national of Mexico and she had entered the United States without inspection on June 1, 1992.  Id.  It also alleged that she was unlawfully present in the United States from April 1, 1997 until January 1, 2004, when she departed for Mexico and that she attempted to reenter the United States on January 22, 2004, at which time she made a false claim to United States citizenship and presented a Washington State birth certificate that did not belong to her.  Id.  The NTA further alleged that she was served with a Form I-860, Notice and Order of Expedited Removal, that she was ordered removed under the Immigration and Nationality Act (INA) § 235(b)(1) and that her departure was verified by United States Customs and Border Protection (CBP) on that day.  Id.  DHS also alleged that she had reentered the United States on or about February 1, 2004 and had not obtained prior consent to reapply for admission from the Attorney General.  Id.  Finally, it alleged that she filed an application for adjustment of status on February 4, 2007, which the United States Customs and Immigration Services (USCIS) denied on September 9, 2008.  Id.

The NTA charged Plaintiff with removability under INA §§ 212(a)(6)(A)(i) (present without being admitted or paroled), (a)(6)(C)(ii) (false claim to citizenship), (a)(9)(A)(ii) (seeking admission within ten years of removal), (a)(9)(B)(i)(II) (seeking admission within ten years of departure or removal after a prior

United States District Court
For the Northern District of California

period of one year or more of unlawful presence), (a)(9)(C)(i)(I)
(entering without being admitted after a previous period of
unlawful presence of one year or more in the United States), and
(a)(9)(C)(i)(II) (entering without admission after a prior order
of removal).  Id. ¶ 18.

On December 1, 2009, Plaintiff appeared for a hearing at the
Immigration Court in Seattle, Washington, with her counsel
appearing telephonically from Fremont, California.  Id. at ¶ 21.
Plaintiff denied that she attempted to enter the United States on
January 22, 2004, that she presented someone else's United States
birth certificate in an attempt to gain admission, that she was
removed to Mexico on the same day, and that she subsequently
entered without inspection on February 1, 2004, but admitted the
remaining allegations.  Id. at ¶ 21.  She also conceded
removability under INA §§ 212(a)(6)(A)(i) and (a)(9)(B)(i)(II),
but denied removability under the other sections.  Id. at ¶ 22.
During the December 1, 2009 hearing, DHS submitted evidence
indicating that CBP had removed Plaintiff under expedited removal
proceedings pursuant to INA § 235(b)(1) on January 22, 2004.  Id.
at ¶ 23.  Based on the prior expedited removal order, DHS made an
oral motion to terminate the removal proceedings in Immigration
Court, so that it could reinstate the prior expedited removal
order under INA § 241(b)(5).  Id. at ¶ 24.  Plaintiff opposed the
motion because she was not given a reasonable opportunity to
examine the evidence or respond to the motion as she contends was
required by the regulations.  Id. at ¶ 25 (citing 8 C.F.R.
§ 239.2).  The immigration judge disagreed and terminated the
proceedings after concluding that the DHS had offered evidence

that Plaintiff was expeditiously removed in 2004. <u>Id.</u> at ¶ 26; Mot. to Dismiss, Ex. A.

On December 23, 2009, Plaintiff timely appealed to the Board of Immigration Appeals (BIA). Compl. ¶ 27. She argued that the immigration judge had violated her procedural due process rights and the regulations by denying her a reasonable opportunity to respond to the motion. <u>Id.</u> She further contended that she was prejudiced by this denial because she was deprived of the opportunity to attack collaterally her expedited removal order. <u>Id.</u>

On December 30, 2011, the BIA dismissed Plaintiff's appeal. <u>Id.</u> at ¶ 28; Mot. to Dismiss, Ex. B. It held that "an Immigration Judge may properly terminate removal proceedings as improvidently begun upon a determination that the alien is subject to reinstatement." Mot. to Dismiss, Ex. B, 1. It rejected Plaintiff's arguments on the grounds that "an alien subject to a reinstatement of a prior order of removal is not entitled to a hearing before an Immigration Judge." <u>Id.</u> at 2.

On February 27, 2012, Plaintiff initiated the instant suit. Docket No. 1. In her complaint, she alleges that the immigration judge's termination of her removal proceedings without giving her a reasonable opportunity to review the evidence and respond violated the INA, regulations and her procedural due process rights under the Fifth Amendment. Compl. ¶¶ 29-34. She also alleges that the termination was arbitrary and capricious under the Administrative Procedures Act (APA). <u>Id.</u> at ¶¶ 35-36. She seeks declaratory and injunctive relief requiring remand of the case to the BIA with instructions to remand to the Immigration

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

Court for a new removal hearing, a stay of deportation until the case is resolved and any other just and proper relief.  Id. at ¶¶ 37-42.  The parties twice stipulated to extend time for Defendant to respond to the complaint.  Docket Nos. 10, 11.

On March 30, 2012, DHS issued a notice and decision to reinstate the prior order of removal.  Mot. to Dismiss, Ex. C.  On that date, Plaintiff filed a petition for review "of the Board of Immigration Appeals" in the Ninth Circuit Court of Appeals and asked that the court issue an emergency stay of removal.  Mot. to Dismiss, Ex. D.  See 9th Cir. Case No. 12-70997.  Plaintiff contended that venue was proper in the Ninth Circuit "because the Immigration Judge . . . completed the proceedings in Seattle, Washington on December 1, 2009."  Mot. to Dismiss, Ex. D, 1-2.

On April 6, 2012, the Ninth Circuit issued an order noting that it may lack jurisdiction over the petition for review because it was filed more than thirty days after the dismissal of the BIA's decision and because there was no final order of removal currently in effect for the court to review.  9th Cir. Case No. 12-70997, Docket No. 4.  It directed Plaintiff to show cause why her petition for review should not be dismissed for lack of jurisdiction.  Id.

On April 26, 2012, Plaintiff filed a response to the court's order to show cause.  Mot. to Dismiss, Ex. F.  In her response, Plaintiff explained that she did not previously file a petition for review of the BIA's decision in the Ninth Circuit because there was no final order of removal until the order was actually reinstated on March 30, 2012.  Id. at 8-9.  Plaintiff argued that

5

the Ninth Circuit had jurisdiction to review DHS's March 30, 2012 decision to remove her from the United States, that she timely filed a petition for review of this decision and that DHS had violated the regulations when reinstating that final order of removal.  Id. at 11-12.  She alternatively asked that, if the court concluded that it lacked jurisdiction, it transfer the action to the district court.  Id. at 12-14.

On August 17, 2012, Defendant filed the instant motion to dismiss.  Docket No. 12.  In it, Defendant contends that Plaintiff is raising the same arguments in this Court as in the Ninth Circuit, that the Court lacks jurisdiction over Plaintiff's claims, which can only be raised in a petition for review of the reinstatement order before the Ninth Circuit, and that, even if the Court has jurisdiction, Plaintiff cannot show prejudice from the immigration judge's decision to terminate her proceedings.  Plaintiff filed an opposition to Defendant's motion to dismiss.  Docket No. 13.  Defendant has not filed a reply.

On September 7, 2012, the Ninth Circuit issued an order in the case before it, concluding that, because the petition for review was timely as to the March 30, 2012 decision to reinstate the prior order, "the jurisdictional issue does not appear suitable for summary disposition."  9th Cir. Case No. 12-70997, Docket No. 12, 1.  It denied as moot Plaintiff's alternative request to transfer.  Id. at 2.  At that time, the court also granted Plaintiff's motion for a stay of removal pending review and set a briefing schedule.  The court later granted Plaintiff's motion for an extension of time to file her opening brief.  Under

United States District Court
For the Northern District of California

1  the current briefing schedule, Plaintiff's opening brief was filed
2  January 28, 2013, the answering brief is due April 8, 2013 and the
3  optional reply fourteen days thereafter.  Ninth Circuit Docket.

4                            LEGAL STANDARD

5       Subject matter jurisdiction is a threshold issue which goes
6  to the power of the court to hear the case.  Federal subject
7  matter jurisdiction must exist at the time the action is
8  commenced.  Morongo Band of Mission Indians v. Cal. State Bd. of
9  Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  A federal
10  court is presumed to lack subject matter jurisdiction until the
11  contrary affirmatively appears.  Stock W., Inc. v. Confederated
12  Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

13       Dismissal is appropriate under Rule 12(b)(1) when the
14  district court lacks subject matter jurisdiction over the claim.
15  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may either
16  attack the sufficiency of the pleadings to establish federal
17  jurisdiction, or allege an actual lack of jurisdiction which
18  exists despite the formal sufficiency of the complaint.  Thornhill
19  Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th
20  Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.
21  1987).

22                             DISCUSSION

23       Plaintiff asserts that she is challenging the BIA's decision
24  affirming the termination of her removal proceedings and not the
25  decision to reinstate the 2004 order of removal.  Plaintiff
26  concedes that she can only appeal the decision to reinstate to the
27  Ninth Circuit and she has already filed a petition for review of
28

that decision.  However, Defendant argues that this Court also
lacks jurisdiction over Plaintiff's challenge to the termination
of her removal proceedings.

Title 8 United States Code § 1252(a)(5) provides,

> Notwithstanding any other provision of law (statutory or
> nonstatutory), including section 2241 of Title 28, or
> any other habeas corpus provision, and sections 1361 and
> 1651 of such title, a petition for review filed with an
> appropriate court of appeals in accordance with this
> section shall be the sole and exclusive means for
> judicial review of an order of removal entered or issued
> under any provision of this chapter, except as provided
> in subsection (e) of this section.

In addition, this code section contains a "zipper clause" that
requires consolidation of all "questions of law and fact . . .
arising from any action taken or proceeding brought to remove an
alien" into a petition for review before the appropriate court of
appeals.  8 U.S.C. § 1252(b)(9).

These provisions do not prohibit district court review of
"claims independent of challenges to removal orders."  Martinez v.
Napolitano, 704 F.3d 620, 622 (9th Cir. 2012) (quoting Singh v.
Gonzales, 499 F.3d 969, 978 (9th Cir. 2007).  However, the Ninth
Circuit has held that "8 U.S.C. § 1252(a)(5) prohibits
Administrative Procedure Act claims that indirectly challenge a
removal order" and that the "distinction between an independent
claim and indirect challenge will turn on the substance of the
relief that a plaintiff is seeking."  Id. (internal quotations
omitted).  The determination of whether a case raises independent
claims or indirectly challenges a final removal order requires "a
case-by-case inquiry turning on a practical analysis."  Singh v.
Holder, 638 F.3d 1196, 1211 (9th Cir. 2011).

Applying this distinction, the Ninth Circuit has held that the district court has jurisdiction to decide an individual's challenge to his "immigration detention in a habeas petition without unduly implicating the order of removal" in a case in which the individual was being detained pending the resolution of a petition for review of a final order of removal. Id. The Ninth Circuit has also held that an ineffective assistance of counsel claim based on an attorney's failure to file a timely petition for review of a final removal order is an independent claim because the "only remedy would be the restarting of the thirty-day period of the filing of a petition for review." Singh v. Gonzales, 499 F.3d 969, 979 (9th Cir. 2007). In both of these cases, the plaintiffs' claims could be considered and the relief sought could be granted without calling into question the merits of the decision underlying the order of removal. Moreover, in Singh v. Holder, the plaintiff could be released pending the resolution of his petition for review of the order of removal and, in Singh v. Gonzales, the plaintiff could be permitted to file a petition for review of the order of removal without upsetting the order of removal.

Here, Plaintiff challenges the BIA's determination that the immigration judge properly terminated her removal proceedings, arguing that the termination was in violation of her right to due process. Plaintiff seeks an order remanding her case to the BIA, with instructions to remand to the Immigration Court for a new removal hearing. However, the Department of Homeland Security has

United States District Court
For the Northern District of California

already reinstated Plaintiff's 2004 expedited removal order.   In order to grant the relief Plaintiff seeks, this Court would have to upset the reinstated removal order.

Moreover, Plaintiff seeks remand to the Immigration Court so she can challenge the merits of the 2004 expedited removal order. However, as Plaintiff herself points out, her ability to challenge the merits of the 2004 removal order would require a finding that there was a gross miscarriage of justice in the 2004 proceedings. See Ramirez-Juarez v. Immigration & Naturalization Service, 633 F.2d 174, 175-76 (9th Cir. 1980) ("[A]n alien cannot collaterally attack an earlier exclusion or deportation at a subsequent deportation hearing, in the absence of a gross miscarriage of justice at the prior proceedings."). Such a finding would clearly impugn the reinstatement of the expedited removal order. See Morales-Izquierdo v. Dep't of Homeland Sec., 600 F.3d 1076, 1083 (9th Cir. 2010) (overruled in part on other grounds by Garfias-Rodriguez v. Holder, 702 F.3d 504, 516 (9th Cir. 2012)) (finding that a habeas petition challenging an adjustment-of-status application was a challenge to an order of removal because the petitioner could not "challenge only the denial of his adjustment-of-status application without also impugning the Reinstatement Order") (emphasis in original).

Accordingly, the Court finds that Plaintiff's challenge to the termination of her removal proceedings in the Immigration Court is "inextricably linked to the reinstatement of [her prior] removal order" and is an impermissible challenge to that removal order.

**United States District Court**
For the Northern District of California

Morales-Izquierdo, 600 F.3d at 1082.  Therefore, the Court lacks jurisdiction over Plaintiff's claims.

Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims, it need not reach Defendant's arguments that the case should be dismissed because similar claims have been filed in the Ninth Circuit and Plaintiff fails to state a due process claim because she cannot establish prejudice.[1]

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss.  Docket No. 12.  Plaintiff's complaint against Defendant is dismissed with prejudice.  The Clerk shall enter a

---

[1] Even assuming the Court had jurisdiction over Plaintiff's case, her complaint must be dismissed for failure to state a claim because she cannot show that she was prejudiced by the Immigration Judge's decision to terminate the removal proceedings.  In her opposition to the motion to dismiss, Plaintiff identifies two forms of relief, which she asserts she would be "prima facie eligible to seek" if the expedited removal order did not exist.  However, the expedited removal order did exist.

Plaintiff further argues that she would have sought an evidentiary hearing on the allegations contained in the expedited removal order, citing authority that provides that an individual may collaterally attack an earlier order of removal at a subsequent deportation hearing if he or she can demonstrate a "gross miscarriage of justice at the prior proceedings."  Ramirez-Juarez, 633 F.2d at 176.  Plaintiff further asserts that if afforded an evidentiary hearing on the allegations contained in the expedited removal order, she "could have provided arguments to challenge those allegations."  Opposition to Motion to Dismiss at 10.  However, Plaintiff has not alleged anything in either her complaint or any other papers to support a finding that there was a gross miscarriage of justice during her 2004 expedited removal sufficient to trigger an opportunity to challenge that order.

separate judgment.  Both parties shall bear their own costs of suit.


     IT IS SO ORDERED.


Dated:  3/25/2013
                                   _____
                                   CLAUDIA WILKEN
                                   United States District Judge